IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES W. CAMPBELL,

    Petitioner,                          No. CIV 10-0114 FCD DAD P

    vs.

FRANCISCO JACQUEZ,                 <u>ORDER AND</u>

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him in the San Joaquin County Superior Court in 2007 for first degree murder. Before the court is respondent's motion to dismiss on the ground that petitioner failed to exhaust all of his claims in state court prior to filing this federal habeas action as required by 28 U.S.C. § 2254(b).

**PETITION FOR WRIT OF HABEAS CORPUS**

        In his habeas petition, filed in this court on November 16, 2009, petitioner raises five grounds for relief.

        **Ground One**: Ineffective Assistance of Counsel
        Counsel made numerous mistakes at trial such as, cross-
        examination, failure to request pin-point instruction regarding

1

murder/state of mind. Counsel failed to object to exclusion of state of mind evidence. It blocked Petitioner from having a clear understanding to the jury about petitioners [sic] case, state of mind[.]

**Ground Two:** Petitioner was deprived due process under federal and state Constitutions
Court improperly instructed jury regarding 1st and 2nd degree murder which deprived jury of making any meaningful distinction between the men's [sic] rea requirements amounting to a direct verdict.

**Ground Three:** Petitioner was deprived right to counsel and his right to Due Process under the 5th, 6th, and 14th Amendments
Counsel failed to object adequately, make a record and/or request a limited instruction regarding unreliable and prejudicial character evidence from being presented to the jury through the cross-examination of the defense expert.

**Ground Four:** Petitioner was deprived of his right to Due Process under both state and federal Constitutional
The exclusion of state of mind evidence that would have corroborated petitioners [sic] state of mind defense based upon a delusional belief that the victim was molesting his own children deprived petitioner of his right and to present a meaningful defense.

**Ground Five:** Denial of due process and denial of right to a fair trial
The state court of appeal found no single error to aggregate. However, here, the aggregate nature of the errors is profound because of at every turn, the errors favored the prosecution. Petitioner believed the victim was molesting his own children and that's why he killed Larry. There is overwhelming evidence that Petitioner was "delusional" and even mentally ill during the murder as well as after. Since the time of petitioners [sic] arrest back in 2003 til this day, he has been heavily medicated and believed to be mentally ill. Petitioner believes the errors singularly or cumulatively prejudiced him and deprived him due process and his right to a fair trial by an impartial jury requiring reversal.

**(Petition, Doc. No. 1 at 4-5 &7.)**

### MOTION TO DISMISS

In moving to dismiss the petition, respondent has provided the court the following background information. Petitioner was convicted in 2007 of first degree murder. He appealed his conviction to the California Court of Appeal for the Third Appellate District. The judgment

1  was affirmed on February 4, 2009.  The California Supreme Court denied the petition for review
2  on May 13, 2009.  Petitioner did not file any post-conviction challenges in state court.
3         Respondent argues that petitioner failed to exhaust all of the subclaims presented
4  under his first ground for relief in the petition filed with this court.  Respondent summarizes
5  those subclaims as, ineffective assistance based on counsel's alleged failure to:  "(a) cross-
6  examine witnesses, (b) request a pinpoint instruction regarding Petitioner's state of mind during
7  the murder, (c) object to the exclusion of state of mind evidence[.]"  (MTD at 2.)  According to
8  respondent, petitioner sub-claims (a) and (c) are unexhausted because they were not raised in his
9  petition for review filed with the California Supreme Court.  Respondent also contends that in his
10 response to question thirteen of his form federal habeas petition, petitioner has admitted that
11 these two sub-claims were not presented to the state courts.  That question inquiries whether any
12 of the grounds for relief were not previously presented in state or federal court.  Respondent
13 notes that petitioner answered the inquiry as follows: "The letter I've written to you states most
14 of the grounds that I didn't bring up.  I had no control on what my appellate lawyer did or didn't
15 do." (Pet. (Doc. No. 1) at 5.)[1]  Respondent argues that a new basis for an ineffective assistance
16 of counsel claim that was not presented to the state court is unexhausted.  (MTD at 3) (citing
17 Carriger v. Lewis, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc) and Pappageorge v. Sumner,
18 688 F.2d 1294 (9th Cir. 1982)).  Therefore, respondent asserts that unless petitioner amends his
19 federal petition so as to delete the unexhausted claims, the court must dismiss the pending
20 petition.

21                              **OPPOSITION**

22        Petitioner contends that the ineffective assistance of counsel sub-claims in
23 question are only unexhausted because his "councle [sic] did not file what I filed in the letter.

---

25    [1] The letter referred to by petitioner in this answer on the form petition court was
26 attached his federal petition and explains how his trial counsel allegedly failed to adequately cross-examine witnesses at petitioner's trial.  (Pet. (Doc. No. 1) at 8-9.)

She didn't file any claim that I filed." (Opp'n, (Doc. No. 23) at 1.) Petitioner argues that he does not have counsel and should not be "haild [sic] to answer because I don't know about the law." (Id. at 2.) Petitioner contends that he did not know that he needed to file his claims in state court before proceeding to this court. Finally, in a document attached to his opposition and addressed "To the Court of appeals [sic]," petitioner indicates that if he cannot proceed with all of his claims, he would choose to proceed with his exhausted claims. (Id. at 3.)

**ANALYSIS**

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276)); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Petitioner does not dispute that he has not exhausted two of his ineffective assistance of counsel sub-claims. The court concurs. Claim 1(a) in which petitioner asserts that his counsel failed to effectively cross-exam witnesses at his trial and claim 1(c) in which petitioner asserts that his counsel failed to object to the exclusion of state-of-mind evidence, were not fairly presented by petitioner to the California Supreme Court and are therefore unexhausted.

Although not specifically requested by petitioner, the court has considered whether petitioner could seek a stay and abeyance while exhausting state his unexhausted ineffective assistance sub-claims in state court. The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present

4

unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims before the filing of a federal habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005); see also King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (analyzing the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist.Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to "mixed" petitions such as the one filed by petitioner in this case. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

In his opposition to the pending motion to dismiss, petitioner represents that he did not understand the law and that although he raised all of his claims with his appellate counsel, his attorney "left out" those claims that are unexhausted. These circumstances do not support a finding of good cause for petitioner's failure to exhaust. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) ("To accept that a petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good cause' would render stay-and-obey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petition, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a

stay. Such a scheme would run afoul of *Rhines* . . . ."); Aguirre v. Harrington, No. CV 09-08337 SJO (SS), 2010 WL 2680320 at *3-4 (C.D. Cal. June 9, 2010) (no showing of good cause based on petitioner's belief that appellate counsel had raised a claim); Wooten; Hernandez v. California, No. C 08-4085 SI (pr), 2010 WL 1854416 at *2 (N.D. Cal. May 6, 2010) (Allowing a stay where petitioner's appellate counsel had refused to present the claims on appeal "would be contrary to Rhines' command that stays be issued only in limited circumstances.").

      For these reasons, stay and abeyance is not available to petitioner in this case. The court will recommend that respondent's motion to dismiss petitioner's unexhausted ineffective assistance of counsel sub-claims be granted and that petitioner be ordered to file an amended petition containing only his exhausted claims.

**CONCLUSION**

      Accordingly, IT IS HEREBY ORDERED that:

      1. The order to show cause, filed on May 3, 2010, (Doc. No. 21) is discharged[2];

      Also, IT IS HEREBY RECOMMENDED that:

      1. Respondent's March 15, 2010 motion to dismiss (Doc. No. 20) be granted in part;

      2. The following sub-claims within petitioner's stated first ground for relief be dismissed as unexhausted: sub-claim (a) alleging that trial counsel provided ineffective assistance by failing to cross-examine witnesses; and sub-claim (c) that alleging that trial counsel

---

[2] When petitioner failed to file an opposition to respondent's motion to dismiss, the court cautioned petitioner that a failure to file an opposition may be deemed a waiver of any opposition to the granting of the motion. The court ordered petitioner to show cause why respondent's motion to dismiss should not be granted. In response, petitioner filed his opposition to the pending motion on May 17, 2010.

6

provided ineffective assistance by failing to object to the exclusion of state-of-mind evidence at petitioner's trial; and

      3. Petitioner be ordered to file an amended petition containing only his exhausted grounds for relief.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2010.

                                                /s/ Dale A. Drozd
                                                DALE A. DROZD
                                                UNITED STATES MAGISTRATE JUDGE

DAD:4
camp0114.mtd