IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES W. CAMPBELL,

    Petitioner,                        No. CIV S-10-0114 FCD DAD P

    vs.

FRANCISCO JACQUEZ,

    Respondent.                   <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On February 24, 2011, District Judge Frank Damrell, Jr. adopted the findings and recommendations issued on December 15, 2010, granted respondent's March 15, 2010 motion to dismiss in part, dismissed two sub-claims from petitioner's first ground for relief as unexhausted, and ordered petitioner to file an amended petition containing only his exhausted claims for habeas relief.  Recently, petitioner filed his first amended petition, however, it fails to comply with the court's order of February 24, 2011.

        In his amended petition, petitioner attaches a document titled, "Order 'Amended Petition'" in which petitioner appears to once again make arguments in support of his two unexhausted sub-claims.  Petitioner has submitted the form petition for a writ of habeas corpus; however, he has not answer all of the questions reflected on the form petition nor has he stated

1

the grounds for the relief he seeks. Instead, petitioner has merely attached a copy of the brief that was filed with the California Court of Appeal following his conviction to the form petition. Finally, the amended petition is not signed by petitioner.

The court will dismiss the amended petition and grant petitioner a final opportunity to file a habeas petition containing only his exhausted grounds for relief. Petitioner should refer to his original petition. The claims set forth in that original petition that were dismissed as unexhausted are sub-claims (a) and (c) from the first ground for relief. Therefore, petitioner may proceed with all other grounds for relief that were presented in his original habeas petition, including sub-claim (b) from the first ground for relief, which claims ineffective assistance for counsel's "failure to request pin-point instruction regarding murder/state of mind." (Pet. filed Nov. 16, 2009, Ground One, at 5.)

Accordingly, IT IS HEREBY ORDERED that:

1. The amended petition filed on March 10, 2011 (Doc. No. 29) is dismissed;

2. Petitioner is granted thirty days from the date of service of this order to file a second amended petition that complies with the requirements of the Federal Rules of Civil Procedure; the second amended application must bear the docket number assigned this case and must be labeled "Second Amended Petition;" petitioner shall use the form petition provided by the Clerk of the Court and answer each question on the form and sign the form on the last page; petitioner's failure to file a second amended petition in accordance with this order will result in the dismissal of this action; and

3. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus by a state prisoner.

DATED: April 6, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
camp0114.9

2