IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES W. CAMPBELL,

    Petitioner,                      No. CIV S-10-0114 FCD DAD P

    vs.

FRANCISCO JACQUEZ,

    Respondent.                  <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is petitioner's second amended petition, filed on May 23, 2011.

        On February 24, 2011, the assigned District Judge adopted findings and recommendations issued by the undersigned, granting in part, respondent's March 15, 2010 motion to dismiss. As a result, two sub-claims from petitioner's first habeas petition were dismissed as unexhausted and petitioner was ordered to file an amended petition. The court also determined that a stay and abeyance were not available with respect to petitioner's unexhausted claims.

        On March 10, 2011, petitioner filed his amended petition. However, that amended petition was defective because petitioner included claims in it that were previously

found by the court to be unexhausted. On April 7, 2011, the undersigned dismissed the amended petition and ordered petitioner to file a second amended petition omitting the unexhausted claims, including only the exhausted claims that were presented in his first petition, and answering all the questions posed by the court's form petition. Subsequently, petitioner requested clarification regarding his exhausted and unexhausted claims. (Doc. No. 33.) On April 29, 2011, the court provided petitioner with a copy of the court's December 15, 2010 findings and recommendations which had listed all of the claims from petitioner's first habeas petition and advised petitioner that four claims set out in that petition, claims 1(b)[1], 3, 4, and 5, were exhausted. See Doc. No. 34.

In his second amended petition, petitioner has now presented ten grounds for federal habeas relief. Once again, petitioner had not answered all the questions posed in the court's form habeas petition, particularly questions which require petitioner to identify the claims that he has presented to the California Supreme Court. The undersigned is thus unable to determine whether the ten grounds for relief now presented by petitioner have been properly exhausted.[2] In addition, the court cannot determine whether petitioner intends to abandon grounds for relief raised in his first habeas petition that the court has previously found to be exhausted. In the interest of justice, the court will provide petitioner with a final opportunity to file a proper third amended habeas petition that presents only his exhausted grounds for federal habeas relief.

/////

---

[1] In claim 1(b) of his original petition, petitioner had contended that he received ineffective assistance due to his trial counsel's "failure to request pin-point instruction regarding murder/state of mind." (Doc. No. 25 at 1-2.)

[2] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that:

1. The second amended petition, filed on May 23, 2011 (Doc. No. 35), is dismissed;

2. Within thirty days from the service of this order, petitioner shall file his third amended petition for a writ of habeas corpus that complies with the requirements of the Federal Rules of Civil Procedure; the third amended petition must bear the docket number assigned this case and must be labeled "Third Amended Petition;" petitioner must use the form petition provided by the Clerk of the Court and answer each question in the form petition;

3. Petitioner's failure to file a third amended petition in accordance with this order may result in the dismissal of this action; and

4. The Clerk of the Court is directed to provide petitioner with the form petition for a § 2254 action.

DATED: June 13, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
camp0114.amend3.wpd